Dissenting Opinion.
DeBlanc, J.
Relator was elected and qualified as the Judge of the 7th district court for the parish of Orleans. A short time after his election, the Legislature abolished the court over which he was then presiding.
In August 1877, he applied to the State Auditor for warrants on the 'Treasury, for the salary which he-claims as Judge of that abolished court, from 1873 to 1876.
The Auditor refused to comply with relator’s demand : he obtained ■a mandamus against that officer to compel him to grant it, and the mandamus'was made peremptory.
In my humble opinion, this was a mistake.
If due at all, the claim urged by the Relator would be due — not for services actually rendered — but rather as damages for the arbitrary destruction of the office to which he had been elected, and the consequent deprivation of the emoluments to which — otherwise—he would have been entitled.
To allow his demand, we have to decide:
1. Whether the act by which the 7th Court has been abolished was constitutional.
2. If it was not, whether a State can be held liable in damages for the errors and inj ustices of a Legislature.
In this instance, we are called upon — not merely to coerce the performance of a pre-existing duty, not merely to enforce an acknowledged, an ascertained right,, but to condemn the State on a suit brought — not against it — but in its name, to pay a disputed claim. This, I believe, we ean not do on a proceeding directed against the Auditor alone.
Relator’s counsel contends that — in 1873 — the Legislature made an appropriation to pay the salary of the district judges, and that — considering its amount — said appropriation necessarily includes the salary of even the judges of the abolished courts. Had it been the intention of the Legislature to do so, it would certainly have qualified that appropriation, so as to leave no doubt in regard to its destination.
As to its amount, tho salary of a district judge is fixed by the constitution, and — I admit — no act of the Legislature, no decree of any court- can reduce, increase, or change that amount; but — under the pe *867 ■culiar circumstances which, surround this exceptional case, is that salary due ? It may be due; but that is a fact which should be judicially ascertained in an authorized action against the State.
High. Ext. Remedies, sect. 10 ; 27th A 430 ; 29th A 267, 850.
For these reasons, I respectfully dissent from the opinion and decree of the Court.